IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE
BANGOR DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | )  CIVIL ACTION NO. |
| STATE OF MAINE, and MATTHEW DUNLAP, Secretary of State, in his official capacity, | ) ) ) ) ) |
| Defendants. | ) ) ) |

## **COMPLAINT**

The United States of America, Plaintiff herein, for its complaint against Defendants the State of Maine, and Matthew Dunlap, in his official capacity as Secretary of State, alleges:

1. The Attorney General of the United States hereby files this action on behalf of the United States of America to enforce the requirements of Sections 301(a) and 303(a) of the Help America Vote Act of 2002 ("HAVA"), 42 U.S.C. §§ 15481(a), 15483(a), and to enforce the voter registration list maintenance requirements of Section 8 of the National Voter Registration Act of 1993 (the "NVRA"), 42 U.S.C. § 1973gg-6 with respect to the conduct of elections for Federal office in the State of Maine.

## **JURISDICTION**

2. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1345 and 42 U.S.C. § 15511, 1973gg-9(a).

3. Venue for this action is proper in the United States District Court for the District of Maine, pursuant to 28 U.S.C. §§ 99, 1391(b).

1

## PARTIES

4. Plaintiff UNITED STATES OF AMERICA seeks declaratory and injunctive relief pursuant to Section 401 of HAVA, 42 U.S.C. § 15511 and Section 11(a) of the NVRA, 42 U.S.C. § 1973gg-9(a), and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, which authorize the Attorney General to bring this suit.

5. Defendant STATE OF MAINE is a State of the United States of America and is subject to the requirements of HAVA and the NVRA, including specifically those provisions that concern the implementation of a computerized statewide voter registration list, specific voting systems standards, and list maintenance requirements, in elections for Federal office.  42 U.S.C. §§ 15483(a)-(b), 15541, 1973gg-9(a).

6. Defendant MATTHEW DUNLAP is the Maine Secretary of State and is responsible for, among other things, taking official action on behalf of the State to comply with the requirements of HAVA and the NVRA.  42 U.S.C. § 15403(e); 42 U.S.C. § 1973gg-8; 42 U.S.C. § 1973gg-8; ME. REV. STAT. ANN. tit. 21-A, §§ 180, 221.  He is sued in his official capacity.

## ALLEGATIONS

7. On October 29, 2002, the President of the United States signed into law the Help America Vote Act, 42 U.S.C. §§ 15301-15545.  Title III of HAVA, in Sections 301 to 303, includes certain "uniform and nondiscriminatory election technology and administration requirements" which apply in elections for Federal office.  42 U.S.C. §§ 15481-15483.

8. Section 301(a) of HAVA, entitled "Voting System Standards," requires that each State have at every polling place "at least one direct recording electronic voting system or other

2

voting system equipped for individuals with disabilities" which is "accessible for individuals with disabilities, including nonvisual accessibility for the blind and visually impaired, in a manner that provides the same opportunity for access and participation (including privacy and independence) as for other voters." 42 U.S.C. § 15481(a)(3). A voting system is further defined in HAVA to include the, "(1) total combination of mechanical, electromechanical, or electronic equipment (including the software, firmware, and documentation required to program, control, and support the equipment) that is used - (A) to define ballots; (B) to cast and count votes; (C) to report or display election results; and (D) to maintain and produce any audit trail information"; and "(2) the practices and associated documentation used - (A) to identify system components and versions of such components; (B) to test the system during its development and maintenance; (C) to maintain records of system error and defects; (D) to determine specific system changes to be made to a system after the initial qualification of the system; and (E) to make available any materials to the voter (such as notices, instructions, forms, or paper ballots)." 42 U.S.C. § 15481(b).

9. Section 303(a) of HAVA, entitled "Computerized Statewide Voter Registration List Requirements," requires that "each State, acting through the chief State election official, shall implement in a uniform and nondiscriminatory manner, a single, uniform, official, centralized, interactive computerized statewide voter registration list defined, maintained, and administered at the State level." Section 303(a) applies to all States that require voter registration for elections for Federal office. 42 U.S.C. § 15483(a).

10. Among the requirements of Section 303(a) of HAVA for the statewide voter registration list are the following:

a. The list shall serve as the single system for storing and managing the official list of registered voters throughout the State, 42 U.S.C. § 15483(a)(1)(A)(i);

b. The list must contain the name and registration information of, and must assign a unique identifier to, each legally registered voter in the State, 42 U.S.C. § 15483(a)(1)(A)(ii)-(iii);

c. The list must be coordinated with other agency databases within the State, 42 U.S.C. § 15483(a)(1)(A)(iv);

d. Any election official in the State, including any local election official, must be able to obtain immediate electronic access to the information contained in the list, and all voter registration information obtained by any local election official must be electronically entered into the computerized list on an expedited basis at the time the information is provided to the local official, 42 U.S.C. §§ 15483(a)(1)(A)(v)-(vi);

e. The State must provide the necessary support so that local election officials are able to enter voter registration information on an expedited basis, 42 U.S.C. § 15483(a)(1)(A)(vii);

f. The list must serve as the official voter registration list for the conduct of all elections for Federal office in the State, 42 U.S.C. § 15483(a)(1)(A)(viii);

g. Election officials shall perform list maintenance with respect to the computerized list on a regular basis, 42 U.S.C. §§ 15483(a)(2) and 15483(a)(4);

h. The State must coordinate the list with State agency records on felony status (where required by State law) and death, 42 U.S.C. § 15483(a)(2)(A)(ii);

       i.       The State must ensure that the name of each registered voter appears on the list, only voters who are not registered or not eligible are removed from the list, duplicate names are eliminated from the list, and eligible voters are not removed from the list in error, 42 U.S.C. §§ 15483(a)(2)(B) and 15483(a)(4);

       j.       The list must provide that no application for voter registration shall be accepted or processed unless it includes a driver's license number (for applicants who have such number) or the last four digits of the social security number (for applicants who do not have a driver's license number). For persons who do not have either of these numbers, the State must assign a unique identifier. This requires the State to change its voter registration forms to require applicants who have such numbers to provide them, 42 U.S.C. § 15483(a)(5)(A);

       k.       The State must enter into agreements to match information from the list against the State motor vehicle authority database, and the Federal social security number database, 42 U.S.C. § 15483(a)(5)(B).

11.    Pursuant to HAVA, the Federal government, for the first time in our nation's history, provided federal funding to State governments for the conduct of elections for Federal office.

12.    The State of Maine has received $5,000,000 in federal funds under Section 101 of HAVA, 42 U.S.C. §§ 15301 to assist in the administration of federal elections. The State of Maine has also received $11,596,803 in federal funds under Section 251 of HAVA, 42 U.S.C. §§ 15401 to assist Maine, <u>inter</u> <u>alia</u>, in the purchase, implementation, administration, and maintenance of a computerized statewide voter registration list and

for the purchase, implementation, administration, and maintenance of disability accessible voting machines.

13. The State of Maine is covered by and was required to comply with the requirements of Sections 301(a) and 303(a) of HAVA with respect to elections for Federal office on and after January 1, 2006.  42 U.S.C. §§ 15481(d), 15483(d)(1)(B), 15541.

14. On May 20, 1993, the President of the United States signed into law the National Voter Registration Act.  42 U.S.C. §§ 1973gg – 1973gg-10.  Section 8 of the NVRA requires states to conduct list maintenance activities in an effort to assure that only eligible voters are registered to vote in federal election cycles.  42 U.S.C. § 1973gg-6.

15. Section 8 of the NVRA requires that the state conduct a general program to make a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters who have died or changed residence following proper notice.  42 U.S.C. § 1973gg-6(4).

16. The NVRA became effective in the State of Maine on January 1, 1995.  42 U.S.C. § 1973gg note.

17. In over half of Maine's 503 voting jurisdictions, the number of registered voters exceed the number of citizens of voting age.

18. The State of Maine conducted a primary election for Federal offices in the State on June 13, 2006, and is scheduled to conduct a general election for Federal offices in the State on November 7, 2006.

## FIRST CAUSE OF ACTION

19. Plaintiff hereby alleges and incorporates by reference paragraphs one through 18 above as if fully set forth herein.

20. The State of Maine presently does not have voting systems in place for the conduct of elections for Federal office, which comply with the disability accessibility requirement set forth in Section 301(a)(3) of HAVA, 42 U.S.C. § 15481(a)(3).

21. The State of Maine's existing voting systems for use in elections for Federal office do not comply with Section 301 of HAVA, which requires voting systems that provide accessibility for persons with disabilities.

22. Pursuant to Maine state law, the Secretary of State has a number of specific responsibilities regarding voting systems used in the State. These include, but are not limited to, the promulgation of rules governing approval of voting machines and electronic tabulating systems, the promulgation of rules requiring independent testing of voting machines and electronic tabulating systems, and the approval of voting machines and electronic tabulating systems. ME. REV. STAT. ANN. tit. 21-A, § 809.

23. Defendants have failed to take the actions necessary for the State to meet the requirements of Section 301 of HAVA in a timely manner. As of March 2006, three months after the deadline for compliance with systems in place, the State of Maine had not even issued a Request for Proposals from voting machine vendors.

24. As a result of the failure of Defendants to take the actions necessary for approval and acquisition of voting systems, no disability accessible voting system was available, during the State's June 13, 2006 primary, in every polling place in every local jurisdiction in the State of Maine conducting elections for Federal office.

25. The failure of Defendants to take the actions necessary for approval and acquisition of voting systems, as set forth above, constitutes a violation of Section 301 of HAVA, 42 U.S.C. §15481.

26. Unless and until ordered to do so by this Court, Defendants will not take timely actions necessary to ensure that voting systems meeting the standards set forth in Section 301 of HAVA will be available and used in all jurisdictions in the State of Maine by the time of the general election for Federal offices in November 2006.

## SECOND CAUSE OF ACTION

27. Plaintiff hereby alleges and incorporates by reference paragraphs one through 26 above as if fully set forth herein.

28. Pursuant to HAVA and Maine state law, the Maine Secretary of State is responsible for the development and implementation of the statewide voter registration list as mandated by Section 303(a) of HAVA, 42 U.S.C. § 15483(a).  42 U.S.C. § 15403(e); 42 U.S.C. § 1973gg-8; ME. REV. STAT. ANN. tit. 21-A, § 221.

29. The State of Maine has recognized that it has not achieved timely compliance with the requirements of Section 303(a) of HAVA, for example, in news reports quoting the Secretary of State.  See Bowley, Diana, "Voter System Deadline Missed," Bangor Daily News, February 23, 2006.

30. Defendants have failed to take the actions necessary for the State to meet the requirements of Section 303(a) of HAVA in a timely manner.  As of July 2006, seven months after the system was required to be operational, Defendants does not have a system that complies with HAVA.

31. There is, at present, no statewide voter registration list in the State of Maine that complies with the requirements of Section 303(a) of HAVA.

32. The absence of such a statewide voter registration list constitutes a violation of Section 303(a) of HAVA.

33. Unless and until ordered to do so by this Court, the Defendants will not take timely actions necessary to ensure that a statewide voter registration list meeting the requirements of Section 303(a) of HAVA is operational throughout the State of Maine.

## THIRD CAUSE OF ACTION

34. Plaintiff hereby alleges and incorporates by reference paragraphs one through 33 above as if fully set forth herein.

35. Pursuant to the NVRA and Maine state law, the Maine Secretary of State is responsible for the conduct of list maintenance as mandated by Section 8 of the NVRA, 42 U.S.C. § 1973gg-8; ME. REV. STAT. ANN. tit. 21-A, § 180.

36. The failure to conduct a program to identify and remove ineligible voters from the official registration lists constitutes a violation of Section 8 of the NVRA.

37. Unless and until ordered to do so by this Court, the Defendants will not take timely actions necessary to ensure that list maintenance requirements are performed as required under Section 8 of the NVRA throughout the State of Maine.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff the United States of America prays that this Court enter an order:

(1) Declaring that Defendants are not in compliance with Section 301(a) of HAVA, 42 U.S.C. § 15483(a), because, among other things, they have failed to ensure that a disability-accessible voting system is available in every polling place in elections for Federal office;

(2) Declaring that Defendants are not in compliance with Section 303(a) of HAVA, 42 U.S.C. § 15483(a), because, among other things, there is no

single, official statewide computerized voter registration list, compliant with HAVA, concerning elections for Federal office;

(3) Declaring that Defendants are not in compliance with Section 8 of the NVRA, 42 U.S.C. § 1973gg-6, because they have failed to conduct a general program of list maintenance;

(4) Enjoining Defendants, their agents and successors in office, and all persons acting in concert with any of them, from failing or refusing to comply promptly with the requirements of Section 301(a) of HAVA;

(5) Enjoining Defendants, their agents and successors in office, and all persons acting in concert with any of them, from failing or refusing to comply promptly with the requirements of Section 303(a) of HAVA;

(6) Enjoining Defendants, their agents and successors in office, and all persons acting in concert with any of them, from failing or refusing to comply promptly with the requirements of Section 8 of the NVRA;

(7) Ordering Defendants, their agents and successors in office and all persons acting in concert with any of them, promptly to develop a plan, within 30 days of this Court's order, to remedy the demonstrated violations of Section 301(a) of HAVA.

(8) Ordering Defendants, their agents and successors in office and all persons acting in concert with any of them, promptly to develop a plan, within 30 days of this Court's order, to remedy the demonstrated violations of Section 303(a) of HAVA.

(9)     Ordering Defendants, their agents and successors in office and all persons acting in concert with any of them, promptly to develop a plan, within 30 days of this Court's order, to remedy the demonstrated violations of Section 8 of the NVRA.

Plaintiff further prays that this Court order such additional relief as the interests of justice may require, together with the costs and disbursements of this action.

ALBERTO GONZALES
Attorney General


   /s/ Wan Kim
WAN KIM
Assistant Attorney General


   /s/ Paula Silsby on July 28, 2006
PAULA SILSBY
United States Attorney


   /s/ John Tanner
JOHN TANNER
Chief, Voting Section


   /s/ Robert Poppper
ROBERT POPPER
Special Litigation Counsel
NICOLE S. MARRONE
SEAN W. O'DONNELL
Trial Attorneys
United States Department of Justice
Civil Rights Division, Voting Section
950 Pennsylvania Avenue NW, Room NWB-7254
Washington, D.C.  20530
Telephone: (202) 305-0827
Facsimile: (202) 307-3961
nicole.marrone@usdoj.gov
sean.odonnell@usdoj.gov

Attorneys for United States of America