IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE
BANGOR DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|         v. | )   CIVIL ACTION NO. |
| | ) |
| STATE OF MAINE, and MATTHEW DUNLAP, Secretary of State, in his official capacity, | ) ) ) |
| | ) |
|     Defendants. | ) ) |

## PROPOSED CONSENT DECREE, JUDGMENT, and ORDER

The United States filed its Complaint in this action on this date pursuant to Section 401 of the Help America Vote Act ("HAVA"), 42 U.S.C. § 15511 and Section 11(a) of the National Voter Registration Act ("NVRA"), 42 U.S.C. § 1973gg-9(a), alleging that Defendants violated HAVA and the NVRA by failing to comply with Sections 301 and 303(a) of HAVA, 42 U.S.C. §§ 15481, 15483(a), and Section 8 of the NVRA, 42 U.S.C. § 1973gg-6 ("Section 8"). Specifically, the United States alleges that Defendants: 1) have violated Section 301 of HAVA, 42 U.S.C. § 15481 ("Section 301"), by not having in place on January 1, 2006, voting systems for use in federal elections that comply with the accessible voting system standards set forth in that Section; 2) have violated Section 303(a) of HAVA, 42 U.S.C. § 15483(a) ("Section 303(a)"), by not having fully developed and implemented a computerized statewide voter registration list meeting the requirements of that Section; and 3) have violated Section 8 of the NVRA by failing to ensure that local registrars eliminated duplication in voter registration records across municipal jurisdictions in elections for federal office.

Defendants admit that, in part because the State's original computerized statewide voter registration system ("CVR") vendor failed to perform its obligations under its contract with the Secretary of State, Maine did not have a completed HAVA-compliant computerized statewide voter registration system in place by January 1, 2006, and did not have accessible voting equipment in each polling place as of January 1, 2006, as required by sections 301 and 303(a) of HAVA.  With respect to the list maintenance requirements of Section 8 of the NVRA, Defendants acknowledge that the current decentralized system of 503 separate voter registration lists maintained by local registrars does not provide adequate means of identifying voter records of ineligible voters among those lists.

The parties are desirous of resolving this matter without the need for litigation. Accordingly, the parties have engaged in extensive good faith negotiations and have agreed to the terms and requirements of this Consent Decree as an appropriate resolution of all claims alleged in this litigation.  Defendants are committed to comply fully with all of such terms and requirements in future elections and agree that the steps they have committed to undertake as set forth in this Decree and Attachment A are necessary to achieve full compliance with Sections 301 and 303(a) of HAVA and to automate list maintenance practices under Section 8 of the NVRA.  This agreement is final and binding between the parties, their successors in office, and their agents regarding the claims raised in this action.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED that:

1. Defendants are enjoined to take the actions specified below to comply fully with Sections 301 and 303(a) of the Help America Vote Act, 42 U.S.C. §§ 15481, 15483(a), and Section 8 of the National Voter Registration Act, 42 U.S.C. § 1973gg-6.

## COMPLIANCE WITH VOTING SYSTEM STANDARDS
## OF SECTION 301 OF HAVA

2.  In order to bring the State of Maine (hereinafter referred to as "the State") into full compliance with the voting system requirements for accessibility set forth in Section 301, Defendants shall take such actions as are necessary and reasonably within their control to ensure the most timely completion of the contracting and other processes necessary to enable a vendor to deliver new HAVA-compliant accessible voting equipment in time for set-up, training of election officials and voters and use by the November 2006 election.  Defendants shall ensure that there are sufficient staff and resources to meet the State's obligations under HAVA and this order.  Further, the State shall take the following actions according to the prescribed timetable:

(a) Contract – The State will finalize a contract with its selected vendor of accessible voting equipment, IVS LLC.  The contract shall specify the vendor's obligations to set up a central server to be managed by the State that will be capable of processing telephone calls from every polling place on election day, reading the appropriate ballot to each voter who wishes to use the equipment, and faxing a printed ballot reflecting that voter's choices back to the appropriate polling place.  Defendants shall submit a copy of the final approved contract with IVS to the Department within three days after it is executed, as referenced in Attachment A;

(b) Ancillary Equipment – Defendants shall supply a telephone, facsimile machine and any wiring that may be needed for installation of this equipment to each polling place in the State prior to election day to be used for this purpose.  This equipment shall be purchased, deployed and installed in accordance with a plan and schedule to be submitted to the Department by Defendants as referenced in Attachment A;

(c) <u>Training of Local Election Officials</u> - Defendants shall develop, and implement prior to the November 2006 general election, a comprehensive training program for elections staff in each local jurisdiction on the proper handling and use of the new accessible voting system and on the uniform definition of what constitutes a vote. Such training shall be conducted by Elections Division of the Maine Secretary of State's Office (hereinafter "Elections Division") and appropriate vendor staff and shall continue as necessary up to the time of the November 2006 general election. No later than September 8, 2006, the Elections Division shall provide the Department with a complete description and schedule for such training program as referenced in Attachment A;

(d) <u>Voter Education Program</u> - The Elections Division, in conjunction with representatives of the disability community, shall develop and implement before the November 2006 general election, an education and outreach program for voters with disabilities on the proper use of new accessible voting systems, including an explanation of how the ballot will be marked to reflect their choices. Such education program shall be conducted by Elections Division staff, or their agents, and shall continue as necessary up to the time of the November 2006 general election. In developing such program, the Elections Division shall consider, among other things, the use of direct mail, the State's eDemocracy website, public service announcements on television and radio and local community public appearances and events, and outreach directed to local community and disability groups. No later than September 8, 2006, the Elections Division shall provide the Department with a plan and schedule for the voter education and outreach program, as referenced in Attachment A.

## COMPLIANCE WITH STATEWIDE VOTER REGISTRATION LIST REQUIREMENTS OF SECTION 303(a) OF HAVA

3. Defendants have already contracted for the development and implementation of a CVR that will meet the requirements set forth in Section 303(a) of HAVA. The State's current software vendor is in the final stages of correcting software code defects and developing data conversion tools and methods that will be employed to transfer voter registration data currently maintained by 503 separate local jurisdictions into a central, unified, statewide database. The significant steps that remain to be accomplished for data conversion, testing and final implementation of a fully functional CVR are outlined in a plan submitted by the Defendants to the Department and attached hereto as Attachment A. Defendants shall take all actions necessary to develop and implement by the dates set forth in Attachment A, a computerized statewide voter registration list.

4. If the Secretary of State, or this Court, determines that any new or amended regulations are necessary to implement fully the computerized statewide voter registration list, Defendants shall promulgate such regulations, pursuant to authority in ME. REV. STAT. ANN. tit. 21-A, § 194 and in accordance with the Maine Administrative Procedure Act, ME. REV. STAT. ANN. tit. 5, §§ 8001 et seq.

5. Upon full implementation, the statewide voter registration list, among other things:

(a) shall include an appropriate interface between the State motor vehicle authority and the federal Social Security Administration ("SSA"), as required by Section 303(a)(5)(B)(ii) of HAVA, 42 U.S.C. § 15483(a)(5)(B)(ii), in order to conduct the verification of voter registration information required by Section 303(a)(5)(A) of HAVA, 42 U.S.C. § 15483(a)(5)(A);

(b) shall serve as the single statewide voter registration system for storing and managing the official list of registered voters throughout the State;

(c) shall be able to generate a computerized statewide voter registration list that is single, uniform, official, centralized, interactive, defined, maintained and administered at the State level, which contains the name and registration information of every legally registered voter in the State, and which shall be the official voter registration list for the conduct of all federal, state and local elections in the State;

(d) shall assign a unique identifier to every registered voter in the State;

(e) shall maintain one record for each registered voter in the State, including the statewide unique identifier, entire history (including voting history, previous names, etc.) and current status of that voter;

(f) shall ensure that all data in the system complies with the data standards established by the Elections Division for the database;

(g) shall ensure that all municipal election officials directly interface with the statewide voter registration database to enter all voter registration information into the computerized statewide voter registration list on an expedited basis at the time the information is provided to the municipal official;

(h) shall indicate if a voter is a first time voter within the State with no verified identification and flag that voter as requiring identification in order to vote;

(i) shall conduct periodic checks to determine the existence of duplicate registrations in the system;

(j) shall be coordinated with the state motor vehicle authority, the federal Social Security Administration, and appropriate state agencies that keep records of deaths in order to conduct verification of voter registration information and perform voter registration list maintenance functions as required by HAVA and the NVRA;

(k) shall provide for state monitoring of actions taken by municipal registrars and election officials for compliance with the statutes and regulations governing the CVR.

6. Defendants shall develop and implement a comprehensive training program for elections staff in each local jurisdiction on the proper use of the CVR, including how it shall be used to conduct proper list maintenance under Section 8 of the NVRA. No later than August 14, 2006, the Elections Division shall provide the Department with a complete description and schedule for such training program.

**COMPLIANCE WITH VOTER REGISTRATION LIST MAINTENANCE REQUIREMENTS OF SECTION 8 OF THE NVRA**

7. Defendants shall ensure that the Elections Division has sufficient staff and resources to meet its obligations under the NVRA and this order. The computerized statewide voter registration system that is currently being developed and implemented is designed to identify and remove duplicate and deceased voter records from among the 503 separate local jurisdictions and to automate list maintenance practices under Section 8 of the NVRA. The Elections Division shall take the following steps:

(a) perform procedures to identify and resolve voter records of ineligible voters no later than March 31, 2007. A certificate of completion shall be provided to the United States within ten days after each process is completed;

(b) notify local registrars of potential duplicate voter records, records of deceased individuals from the Bureau of Vital Statistics, and change of address notifications from the State's motor vehicle authority.  This shall be done on a monthly basis after completion of subparagraph (a) above, and shall begin no later than April, 2007;

(c) by the end of June, 2007, perform a match against the U.S. Postal Service National Change of Address ("NCOA") program for all registered voters who did not participate in the November 2006 election and whose records have not been cancelled as the result of resolving duplications and checking deceased voter records pursuant to subparagraph (b) above; and by the end of June 2009, ensure that a process of confirming voter registration records is performed statewide, using either (i) the two-step mailing process provided by state regulations, or (ii) matching data against the U.S. Postal Service National Change of Address ("NCOA") program, and that the information generated by the NCOA or two-step mail matching program is forwarded to local registrars for purposes of sending the confirmation mailing and/or updating the voter registration rolls in a manner consistent with Section 8 of the NVRA; and

(d) monitor the voter registration list maintenance activities conducted by local election officials, and require corrective action whenever compliance issues are detected.

(e)  maintain records of the compliance issues detected by such methods and the corrective actions taken.

The Elections Division will utilize the CVR to carry out the steps described in subparagraphs (a) through (d) above.

8. As noted in paragraph 6 above, local election officials will be trained prior to November 2006 in how to use the CVR to conduct proper list maintenance under Section 8 of the NVRA. In addition, the Elections Division shall continue to provide annual training for local elections officials in proper list maintenance procedures in accordance with Section 8 of the NVRA.

## **COMPLIANCE MONITORING AND RECORDKEEPING**

9. Defendants shall take the following actions to advise the United States of the State's progress in carrying out the terms of this Decree:

(a) report to the United States according to the terms and schedule set forth in Attachment A concerning progress in achieving full compliance with HAVA under the terms of this Decree, in writing (by e-mail or overnight delivery), or by telephone;

(b) report to the United States on or before June 30, 2007, concerning the monitoring of on-going list maintenance activities under Section 8 of the NVRA, described in subparagraphs 7(d) and (e) above;

(c) report to the United States in July 2007 and again in January 2009, for each of Maine's local election jurisdictions: 1) the number of registered voters (including total, active, inactive, cancelled, or other status); 2) how many registrants have been sent address verification notices; 3) how many registrants have been sent change of address confirmation mailings; 4) how many registrants have been placed on inactive status; and 5) how many registrants have been removed for ineligibility and the basis for that removal;

(d) provide notice to the United States within 24 hours in writing (by e-mail or overnight delivery) as well as by telephone or other personal contact with one of the individuals listed in paragraph 13 below, of any occurrence known to the Elections Division which may give

rise to noncompliance with any term of this Decree or with any reporting obligations or deadlines set forth in Attachment A hereto, and include a summary of the nature and causes of such noncompliance, and within 72 hours of said notice, provide a summary of the corrective actions Defendants propose to implement.

10. Defendants shall retain any and all records concerning the subject matter of this Decree during the term of this Decree. The United States shall have access to all such records within a reasonable period of time, but no later than three business days after request. Defendants shall make appropriate State personnel available to the United States at any and all reasonable times in order to answer questions and provide information concerning compliance issues which arise during the term of this Decree.

11. Defendants shall retain, or require municipal officials to retain, voter registration and list maintenance records related to the terms of this decree and as set forth in 42 U.S.C. § 1974. The Elections Division shall also retain the training materials referenced above for a period of 22 months. The State shall make these records and any reports that may be generated from the CVR available to counsel for the United States upon request.

12. If at any time the United States obtains information that Defendants are or are about to be in breach of any of the terms of this Decree, the United States shall advise Defendants in writing by notice sent to the Elections Division by e-mail or overnight delivery, and facsimile. Defendants shall have three business days following transmission of such notice to respond in writing (by e-mail or overnight delivery, and facsimile) to the United States. The parties shall thereafter immediately attempt to resolve any issue of potential noncompliance. If the parties are unable to agree on a resolution of the issue, either party may bring the matter before the Court

for appropriate resolution. Nothing in this Agreement shall otherwise prevent the United States from taking any actions required to enforce any and all provisions of HAVA or the NVRA other than those which are the subject of this action.

      13. Any notices sent by the respective parties pursuant to provisions of this Decree shall be sent to:

For the United States:

Chief
Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W., Room 7254-NWB
Washington, D.C. 20530
Phone:  (800) 253-3931
Fax:  (202) 307-3961
Email:  sean.odonnell@usdoj.gov
Email:  nicole.marrone@usdoj.gov

For the Defendants:

Deputy Secretary of State
Bureau of Corporations, Elections and Commissions
101 State House Station
Augusta, ME 04333-0101
Phone: (207) 624-7650
Fax:  (207) 287-5428
Email: julie.flynn@maine.gov
Email: phyllis.gardiner@maine.govmailto:phyllis.gardiner@maine.gov

Agreed to this <u>28th</u> day of <u>July</u>, 2006.

AGREED AND CONSENTED TO:

For Plaintiff:

ALBERTO GONZALES
Attorney General


    /s/  Wan Kim
WAN KIM
Assistant Attorney General


    /s/ Paula Silsby on July 28, 2006
PAULA SILSBY
United States Attorney


    /s/  John Tanner
JOHN TANNER
Chief, Voting Section


    /s/  Robert Popper
ROBERT POPPER
Special Litigation Counsel
NICOLE S. MARRONE
SEAN W. O'DONNELL
Trial Attorneys
United States Department of Justice
Civil Rights Division, Voting Section
950 Pennsylvania Avenue NW, Room NWB-7254
Washington, D.C.  20530
Telephone: (202) 305-0827
Facsimile: (202) 307-3961
nicole.marrone@usdoj.gov
sean.odonnell@usdoj.gov

Attorneys for United States of America

For the Defendants:


　/s/  Mathew Dunlap
MATTHEW DUNLAP
Secretary of State
148 State House Station
Augusta, Maine 04333
Phone: (207) 626-8400
Fax: (207) 287-8598



　/s/  Phyllis Gardiner
PHYLLIS GARDINER
Assistant Attorney General
Maine Bar No. 2809
6 State House Station
Augusta, Maine 04333
Phone:  (207) 626-8800
Fax:  (207) 287-3145

Counsel for the Defendants

**JUDGMENT AND ORDER**

This Court, having considered the United States' claim under Sections 301 and 303(a) of the Help America Vote Act of 2002, 42 U.S.C. §§ 15481 and 15483(a), and Section 8 of the National Voter Registration Act of 1993, 42 U.S.C. § 1973gg-6, and having determined that it has jurisdiction over this claim, has considered the terms of the Consent Decree, and hereby enters the relief set forth above and incorporates those terms herein.  The provisions of this Decree shall expire on December 31, 2009.  The Court retains jurisdiction of this action to enforce the terms of this Decree during the effective period of this Decree.

ENTERED and ORDERED this ____ day of _____, 2006.

                                                                                         _____
                                                                                         JOHN A. WOODCOCK, JR.
                                                                            UNITED STATES DISTRICT JUDGE